PROB. 12B
(7/93)

# ORIGINAL

## United States District Court

### for the

### DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 2 0 2006

at ____ o'clock and ____ min ____ M
SUE BEITIA, CLERK

Name of Offender:  JOSEPH PENEUETA          Case Number:  CR 03-00047DAE-01

Name of Sentencing Judicial Officer:  The Honorable David Alan Ezra
U.S. District Judge

Date of Original Sentence:  1/5/2004

Original Offense:    Counts 1 and 2:  Distribution of Cocaine Base, in violation of
21 U.S.C. § 841(a)(1), Class C felonies

Original Sentence:    Twenty four (24) months imprisonment as to each of Counts 1 and
2 of the Indictment, with all such terms to run currently, to be
followed by three (3) years of supervised release as to each of
Counts 1 and 2 of the Indictment, with all such terms to run
currently.  The following special conditions were ordered:
1) Defendant shall participate in a substance abuse program,
which may include drug testing at the discretion and direction of
the Probation Office; 2) That the defendant is prohibited from
possessing any illegal or dangerous weapons; 3) That the
defendant provide the Probation Office access to any requested
financial information; and 4) That the defendant shall submit his
person, residence, place of employment, or vehicle to a search
conducted by the U.S. Probation Office at a reasonable time and in
a reasonable manner, based upon reasonable suspicion of
contraband or evidence of a violation of a condition of supervision.
Failure to submit to a search may be grounds for revocation.  The
defendant shall warn any other resident that the premises may be
subject to search pursuant to this condition.

Revocation
Sentence:    On 6/17/2005, the Court revoked the subject's supervised release
for submitting a urine specimen that tested positive for cocaine.
The Court sentenced the subject to six (6) months imprisonment, to
be followed by thirty (30) months of supervised release.  The
following special conditions were ordered:  1) Defendant shall

Prob 12B
(7/93)

participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant provide the Probation Office access to any requested financial information; and 3) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Type of Supervision: Supervised Release  Date Supervision Commenced: 12/14/2005

## PETITIONING THE COURT

[✓]  To modify the conditions of supervision as follows:

Mandatory Condition:

That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

4.  That the defendant shall have no contact with Lilly Okinaka, or any other individual convicted of a felony offense.

5.  That the defendant serve up to 6 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Standard Condition No. 9 | The subject associated with felon Lilly Okinaka without the permission of the Probation Officer. |

Prob 12B
(7/93)

3

On 9/6/2006, felon Lilly Okinaka appeared before Your Honor for a Status Hearing. At the hearing, Okinaka admitted to associating with the subject in violation of her standard and special conditions. Specifically, Okinaka reported that she married the subject on 2/14/2006 and resumed contact with him in July 2006. As a result, Your Honor admonished Okinaka for her misconduct and modified her conditions of supervised release requiring her placement in a Residential Reentry Center (RRC) for a term of 6 months. After the hearing, the subject was advised to sever all contact with Okinaka and instructed to report to the U.S. Probation Office on 9/11/2006.

On 9/11/2006, the subject reported to the U.S. Probation Office. During the meeting, the subject confirmed that he married Okinaka on 2/14/2006 and resumed associating with her in July 2006. The subject acknowledged that he was aware his association with Okinaka was in violation of Standard Condition No. 9 of his conditions of supervised release and admitted that he made dishonest statements to this officer to avoid detection. The subject was then informed of Okinaka's modification of her conditions of supervised release which required her placement in an RRC for a term of 6 months. To ensure a fair and equitable sanction, the subject agreed to modify his conditions of supervised release which would require him to serve up to 6 months of home detention and have no contact with Lilly Okinaka. In addition, the subject agreed to participate in the U.S. Probation Ho'olana Employment Program to obtain his General Educational Development certificate and secure a stable job.

Given the subject's willingness to accept responsibility for his actions and pursue stable employment, it is recommended that the Court allow the subject to remain under the supervision of our office with the recommended modifications to his conditions of supervised release.

Additionally, in light of U.S. vs. Stephens, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the subject and to protect the community.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modifications of the conditions of supervised release. The

Prob 12B
(7/93)

4

subject's attorney and the U.S. Attorney's Office have been notified of the proposed modifications and have no objections.

Respectfully submitted by,

CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 9/13/2006

THE COURT ORDERS:

[✓]    The Modification of Conditions as Noted Above
[  ]    Other

DAVID ALAN EZRA
U.S. District Judge
9-19-06
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

Mandatory Condition:

That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

4.    That the defendant shall have no contact with Lilly Okinaka, or any other individual convicted of a felony offense.

5.    That the defendant serve up to 6 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

Witness: _____
CARTER A. LEE
U.S. Probation Officer

Signed: _____
JOSEPH A. PENEUETA
Supervised Releasee

_____
9/1/06
Date